■ ANNE KIRSCHNER, Appellant, v. DEALERS LEASING CORP. et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from two orders of the Supreme Court, Queens County, the first dated March 5, 1970, denying her a general preference, and the second dated October 13, 1971, made upon reconsideration, adhering to the original decision. Appeal from order dated March 5, 1970 dismissed as academic. That order was superseded by the order of October 13, 1971, made on reconsideration. Order dated October 13, 1971 modified by striking therefrom the words "the original decision is adhered to" and substituting therefor the following: "a general preference is granted". As so modified, order affirmed. Plaintiff is granted a single bill of $10 costs and disbursements, to cover the appeals from both orders. Plaintiff, a passenger in an automobile, was injured in a collision on February 22, 1968. In an examination conducted approximately 19 months thereafter the defendants' physician found that plaintiff "still has residual signs of a lower back injury" and that "further medical care is indicated." In our opinion, the claimed injuries could support a verdict in excess of $10,000. On such a record the denial of a general preference constituted an improvident exercise of discretion. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.

■ ROCHELLE KLASS, Respondent, v. CITY OF NEW YORK, Defendant, and HARRY FURMAN et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants Furman appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered December 18, 1970, as is in favor of plaintiff against them, upon a jury verdict. Judgment reversed insofar as appealed from, on the law and the facts and in the interests of justice; new trial granted as between plaintiff and defendants Furman, with costs to abide the event; and action severed so as to continue separately against said defendants. Plaintiff's theory at trial was that the defendants Furman had planted a tree in front of their house allowing insufficient room for the tree's future root structure and that the growth of the tree's roots raised the sidewalk creating a two-inch rise, over which plaintiff stumbled. Since there was no proof whether the sidewalk was constructed before or after the tree was planted, we conclude that the jury must have been speculating when it found the Furmans liable on the theory that they planted the tree after the sidewalk was laid (cf. *Friedman* v. *Gearrity*, 33 A D 2d 1044). Plaintiff's failure of proof may have been caused by the unexplained failure of the Parks Department and the Highway Department of the City of New York to comply with plaintiff's subpoena duces tecum. Under the circumstances, a new trial is granted as against defendants Furman in the interests of justice. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.